Van Brunt, P. J.
Thisapplication was made by the widow of the decedent, claiming to be a creditor of his estate, for a decree directing the temporary administrator to pay certain claims set forth in her petition. A portion of the claims refer to expenditures made by petitioner for services rendered by third parties to decedent in his lifetime, such as hotel charges, nursing, etc., which were paid by her and of which she became the assignee. Another portion relates to amounts expended by petitioner for receiving vault and funeral expenses, and another to expenditures in reference to proving satisfactorily the death of the decedent, and rendering assistance in and about the probate of the will.
*58 The surrogate refused to direct the payment of the claims of which the petioner was assignee, upon the ground that the assignee of a claim against a decedent has no standing in court under the Code (section 2717) to compel payment, and he also refused to allow the payment of the expenses in reference to the probate of the willnupon the ground that the necessity of these expenditures was not stated, nor the particulars of the assistance rendered by the petitioner in and about proving the decedent’s death and the probate of the will.
From that portion of the surrogate’s decree disallowing the assigned claims, this appeal is taken.
We think the learned surrogate erred, in the construction of section 2717 of the Code, that an assignee of a claim against a decedent has no standing in court by reason of said section. The provision of the section is that a petition may be presented to the surrogate’s court by a creditor for the payment of a debt against the estate, at any time after six months have expired since letters were granted, praying for a decree directing the executor or administrator to pay the petitioner his claim.
The assignee of a claim is certainly a creditor of the estate.
The language of the section does not limit it to original creditors, but to any person who, at the time of filing his petition, is a creditor of the estate, embracing, therefore, those who have acquired their claims by assignment as well as those who were original creditors, there being no distinction between the position of an assignee of a claim and the original owner of a claim if it had not been assigned.
We think, therefore, that, so far as the order denied the payment of the claims of which the petitioner was an' assignee, it should be reversed, with $10 costs and disbursements.
Lawrence, J., concurs.